# In the United States Court of Federal Claims

No. 19-1863
Filed: July 7, 2026
Reissued: July 22, 2026[1]

| | |
|---|---|
| JOSHUA SCHULZ, | ) |
| *Petitioner*, | ) |
| v. | ) |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | ) |
| *Respondent*. | ) |

*Joshua Schulz*, appearing *pro se*, Petitioner.

*Lauren Kells*, Trial Attorney, Vaccine/Torts Branch, Civil Division, United States Department of Justice, Washington, DC, for Respondent.

**OPINION AND ORDER**

Joshua Schulz contends an influenza vaccination caused him to develop transverse myelitis. The Special Master, however, found that Mr. Schulz failed to meet his burden under all three *Althen* prongs necessary for his claim to prevail. ECF No. 233. The court sustained the decision, finding that the Special Master considered the evidence and provided a reasonable explanation for his decision. *Schulz v. Sec'y of Health & Hum. Svcs.*, No. 19-1863, 2026 WL 1133055 (Fed. Cl. Feb. 25, 2026). And the court has already denied reconsideration of its decision. ECF No. 269. Mr. Schulz now moves the court to provide relief from the court's judgment under Rule of the Court of Federal Claims ("RCFC") 60(b) because Dr. Bass has responded to a list of questions that Mr. Schulz sent to her after the court's denial of reconsideration. ECF No. 270. In it, Dr. Bass states that it is "highly probable" that the vaccine which Mr. Schulz received triggered his transverse myelitis. *Id.* at 1–2. Because Mr. Schulz has failed to provide any justification for relief from the court's judgment under RCFC 60(b), his motion is denied.

[1] In accordance with Vaccine Rule 18(b), the court allowed each party fourteen days in which to move to redact portions of this Opinion and Order. Because the court did not receive any proposed redactions, the court reissues this decision publicly.

Since the court sustained the Special Master's decision, Mr. Schulz apparently had an appointment with Dr. Bass and sent her written questions regarding his case to which she responded. ECF No. 271-2. Dr. Bass now states that his tongue numbness was related to transverse myelitis, and that there is a "high probability" that the vaccine that Mr. Schulz received triggered his transverse myelitis. *Id*. at 1–2. Mr. Schulz asserts that Dr. Bass's new statements cure the defects with his case that the court identified in its decisions sustaining the Special Master's opinion and denying reconsideration.

RCFC 60(b) provides that, in certain circumstances, "the court may relieve a party or its legal representative from final judgment[.]" Mr. Schulz seeks relief under RCFC 60(b)(6), which is a "catch-all" provision that allows the court to grant relief for "any other reason that justifies relief." *Q Integrated Companies, LLC v. United States*, 131 Fed. Cl. 125, 132 (2017). There are, however, two significant limitations on RCFC 60(b)(6): "(1) the grounds asserted for relief must not be the same as those listed in [RCFC] 60(b)(1)–(5), and (2) there must be a valid reason that justifies affording the relief, usually broadly described as 'extraordinary circumstances.' " *Infiniti Info. Sols., LLC v. United States*, 93 Fed. Cl. 699, 704 (2010) (citing *Fiskars, Inc. v. Hunt Mfg. Co.*, 279 F.3d 1378, 1382 (Fed. Cir. 2002)).

Mr. Schulz may not proceed under RCFC 60(b)(6) because his claim is that newly acquired evidence—Dr. Bass's responses to his written questions—justifies reopening his case. That is a motion properly brought under RCFC 60(b)(2), which allows the court to provide relief from a judgment based on "newly discovered evidence that, with reasonable diligence could not have been discovered in time to move for a new trial under RCFC 59(b)." RCFC 60(b)(2). Mr. Schulz does not assert that Dr. Bass could not have opined on the asserted causal link between his vaccination and his transverse myelitis sooner. Nor has he shown that Dr. Bass's new opinions justify relief from judgment in this case.

The history of this case is instructive. The Special Master denied reconsideration of his opinion in September 2025. ECF No. 240. The Special Master explained that there was no indication that Dr. Bass would be providing an opinion supportive of Mr. Schulz's claims. *Id*. at 5. After the Special Master's denial of reconsideration, Mr. Schulz kept filing. These filings led the Special Master to conclude that Mr. Schulz was attempting to file another motion to reconsider, which was denied. ECF No. 246. This too was in September 2025. There is no indication of why Mr. Schulz waited until June 2026 to seek an opinion from Dr. Bass. Nor is there anything in Dr. Bass's responses that relies on new medical evidence that was unavailable to her before June 2026. In other words, on this record, Dr. Bass's responses to Mr. Schulz's questions do not constitute newly discovered evidence that Mr. Schulz could not have discovered in time for his RCFC 59 motion. This evidence is thus untimely under RCFC 60(b)(2).

Even if the court were to put aside the timeliness issue, the outcome would be the same. The new evidence that Mr. Schulz puts forward does not justify relief from the court's judgment. The prospect of Dr. Bass providing a supporting opinion has existed since July 2025. *See*, *e.g.*, ECF No. 240 at 5 (discussing Mr. Schulz's ongoing discussions with Dr. Bass). As a result, the Special Master has had occasion to address the significance of new evidence. The Special Master explained that "the prospect of a different treating doctor potentially agreeing to provide a supportive opinion does not constitute new evidence or justify withdrawal of the decision" denying Mr. Schulz relief. ECF No. 240.

Recall that two of Mr. Schulz's treating doctors believed that something other than the transverse myelitis caused the tongue numbness. *Schulz*, 2026 WL 1133055, at *10–11. And two treating neurologists explained that they could not opine on the etiology of Mr. Schulz's transverse myelitis because too much time had passed. *Id*. The fact that a different neurologist is now willing to opine on the cause of Mr. Schulz's transverse myelitis does not constitute new evidence justifying relief from the court's judgment. In other words, Dr. Bass's new opinion does not compel the Special Master or the court to find preponderant evidence connecting his transverse myelitis to his vaccination given the conflicting opinions from other treating physicians. Again, the Special Master has already stated that he does not consider Dr. Bass's agreement with Mr. Schulz sufficient to justify relief from judgment in this case. That is not "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 42 U.S.C. § 300aa-12(e)(2).

For these reasons, Mr. Schulz's motion for relief from judgment, ECF No. 270, is **DENIED**.

It is so ORDERED.

s/ Edward H. Meyers
Edward H. Meyers
Judge